[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL JUDGMENT
1. Following an earlier jury verdict, this court, on August 21, 2000, entered judgment in the above-captioned matter for the plaintiff Michael E. Petrozzi. The court held that the plaintiff Petrozzi was entitled to offer of judgment interest on the principal sum of $3,770,674.49. That sum includes the verdict of $3,766,380.94, taxable costs of $3,943.55 and statutory attorneys fees of $350.00. On the same date, the court entered judgment in favor of Ensign-Bickford as a plaintiff to recoup worker's CT Page 10697 compensation payments in amounts set forth in the judgment. The judgment in favor of Ensign-Bickford is not subject to offer of judgment interest.
2. While the court awarded offer of judgment interest in its August 21, 2000 judgment, the court now supplements the judgment by setting forth the mathematical calculation of the interest awarded in the previous judgment. Interest is calculated as follows:
Year 1 — 12% $452,480.92
Year 2 — 12% $452,480.92
295 days ($1,239.67 per day) $365,702.65
TOTAL OFFER OF JUDGMENT INTEREST: $1,270,664.49
Disregarding amounts due to Ensign-Bickford as a plaintiff, the final amount due from Ensign-Bickford to Michael Petrozzi in accordance with this court's judgment is $5,041,338.98.
3. In its previous judgment of August 21, 2000 contained in a Memorandum dated August 18, 2000, the court stated "the parties have stipulated to an agreement which is intended to provide the plaintiff with the security he seeks". The parties had intended to follow their discussion of such an agreement on the record with a written agreement. The parties have now chosen not to execute the written agreement which was anticipated at the time of the discussion of this matter on the record. At this time, the court makes no finding whether or not the parties' remarks on the record constitute an enforceable agreement.
Kevin E. Booth, J.